**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DENIS LAWLOR and DANIEL VARALLO,** | **)** | |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | |
| **vs.** | **)** | **No.** |
| | **)** | |
| **METROPOLITAN WATER RECLAMATION** | **)** | |
| **DISTRICT OF GREATER CHICAGO,** | **)** | |
| **ILLINOIS STATE POLICE;** | **)** | |
| **MOTOROLA SOLUTIONS, INC.; LUIS** | **)** | **Jury Trial Requested** |
| **GUTIERREZ, Individually and in His** | **)** | |
| **Official Capacity; KAYE HEIDENREICH,** | **)** | |
| **Individually and in Her Official Capacity;** | **)** | |
| **DAVID ST. PIERRE, Individually and in His** | **)** | |
| **Official Capacity; DENISE KORCAL,** | **)** | |
| **Individually and in Her Official Capacity;** | **)** | |
| **CYNTHIA TENCZA, Individually and in Her** | **)** | |
| **Official Capacity; and KAREN STEC,** | **)** | |
| **Individually and in Her Official Capacity,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**COMPLAINT**

Plaintiffs, DENIS LAWLOR, by and through his counsel, MICHAEL D. ETTINGER of

Ettinger & Besbekos, P.C., and JOHN J. DOWNEY of John J. Downey, PC; and DANIEL

VARALLO, by and through his counsel, DENNIS A. BERKSON of Dennis A. Berkson and

Associates, Ltd., and DANIEL G. AUSTIN of The Austin Law Group, LLC, complaining of the

Defendants as follows:

**PRELIMINARY STATEMENT**

1.     This action arises out of a series of acts and omissions to act by Defendants on and

around January 18, 2015.

## JURISDICTIONAL STATEMENT

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. §§ 1343(a)(3) and (4); and 42 U.S.C. § 1988 to secure protection and redress the deprivation of rights secured by the First, Fourth and Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. § 1983.  Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.      Plaintiff Denis Lawlor is a citizen of the United States and resides in the State of Illinois.

5.      Plaintiff Daniel Varallo is a citizen of the United States and resides in the State of Illinois.

6.      Defendant Metropolitan Water Reclamation District of Greater Chicago (hereinafter "MWRD") is a municipal corporation located in Cook County, Illinois.

7.      Defendant Illinois State Police is a law enforcement agency of the State of Illinois.

8.      Defendant Motorola Solutions, Inc. (hereinafter "Motorola") is a corporation doing business in the State of Illinois.

9.      Defendant Luis Gutierrez is an employee of the Illinois State Police and is being sued in his individual and official capacity.

10.      Defendant Kaye Heidenreich is an employee of the MWRD and is being sued in her individual and official capacity.

11.      Defendant David St. Pierre is an employee of the MWRD and is being sued in his individual and official capacity.

2

12.     Defendant Denise Korcal is an employee of the MWRD and is being sued in her individual and official capacity.

13.     Defendant Cynthia Tencza is an employee of the Illinois State Police and is being sued in her individual and official capacity.

14.     Defendant Karen Stec is an employee of the Illinois State Police and is being sued in her individual and official capacity.

## FACTUAL ALLEGATIONS

15.     Plaintiff Denis Lawlor began his employment with the MWRD as a Police Officer on September 27, 2011. Officer Lawlor successfully completed his probationary period and attained civil service status on September 27, 2012.

16.     Plaintiff Daniel Varallo began his employment with the MWRD as a Police Officer and was still a probationary officer on January 18, 2015.

17.     Motorola Solutions, Inc. (hereinafter "Motorola"), was the manufacturer, supplier, and creator of the "StarCom System," which is a radio channel system individually customized for use by various governmental agencies. Motorola's "StarCom System" is operated via sophisticated software created, maintained and updated by Motorola for their communication equipment and the client's networks.

18.     Motorola created a radio channel system using the "StarCom System" for the Illinois State Police, which included a number of private network channels that are not accessible by any other agency.

19.     The radio equipment used by the Illinois State Police is provided by Motorola.

20.     The MWRD also uses Motorola hand radios with its network.

21.     Neither the Illinois State Police or the MWRD could access the other's network under

normal conditions.

22.     On December 11, 2014, Illinois State Police Bureau Chief Lambert Fleck communicated to various Illinois State Police technical personnel regarding an incident relating to a "radio key up," which is the same as an open mic, on the Illinois State Police STARCOM 21, Chicago South channel, which lasted over 10 minutes.  Fleck noted that the incident involved a female voice which was not an Illinois State Police trooper and was not an emergency situation. Rather, the communication was  inadvertently picked up by the Illinois State Police.

23.     On December 14, 2014, Craig Solberg of Motorola and his staff at Motorola acknowledged that the Illinois State Police has a "radio key up" problem.

24.     Motorola investigated the "radio key up" problem and discovered that between December 4, 2014 through December 11, 2014, that there had been 21 "radio key up" incidents and that all 21 incidents involved the MWRD.

25.     Motorola closed their investigation in December of 2014 without following up with a solution to correct the "radio key up" problem created by the defect in its software/firmware.

26.     Motorola and the Illinois State Police knew that their system was defective and caused the repeated recording of the private conversations of officers employed by the MWRD without the officers' knowledge and permission.

27.     Motorola did not warn the MWRD that the private conversations of officers employed by the MWRD was being overheard.

28.     The Illinois State Police did not warn the MWRD that the private conversations of officers employed by the MWRD was being overheard and recorded.

29.     Officers Lawlor and Varallo were on duty at the District's Stickney plant on January 18, 2015.

4

30.     At approximately 1:00 a.m. on January 18, 2015, Officers Lawlor and Varallo were engaged in a private conversation, which was intercepted by the Illinois State Police's Chicago North radio channel.

31.     Only the Illinois State Police is authorized to access and broadcast on the Chicago North channel.

32.     The private conversation between Denis Lawlor and Daniel Varallo lasted approximately 58 minutes.

33.     On January 18, 2015, Illinois State Police Telecommunicator Specialist, Angie Vandenberg, was working as the dispatcher. Vandenberg did not recognize the voice of the person transmitting over the Chicago North channel.

34.     Vandenberg used an alert tone in an attempt to get somebody's attention, but the transmission of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo continued. Vandenberg also transmitted over the Chicago North channel, "Can anybody copy me," and "who's ever talking about Christmas decorations, stop talking."

35.     Illinois State Police Telecommunicator Specialist Vandenberg recognized that at the time she overheard the conversation, she knew that the parties to the conversation (Lawlor and Varallo) could not hear her voice and that Plaintiffs Lawlor and Varallo did not know that their private conversation was being overheard or recorded.

36.     Illinois State Police Telecommunicator Specialist Vandenberg admitted that she recognized that the nature of the private conversation between Plaintiffs Lawlor and Varallo did not involve official Illinois State Police business or a public safety matter, and that the conversation was personal in nature.

37.     The Illinois State Police recorded the entire private conversation between Plaintiffs

5

Denis Lawlor and Daniel Varallo.

38.     Acting Master Sergeant Rodney Collins was the midnight shift commander for the Illinois State Police facility located in Des Plaines, Illinois on January 18, 2015. Sgt. Collins listened to the entire private conversation between Plaintiffs Denis Lawlor and Daniel Varallo as the conversation was being transmitted.

39.     Sgt. Collins realized that the conversation between Plaintiffs Denis Lawlor and Daniel Varallo had nothing to do with any official Illinois State Police business or public safety matter. Sgt. Collins also knew that the private conversation was not an attempt by the two individuals to communicate with the Illinois State Police.

40.     Sgt. Collins recognized the voice of ISP Telecommunicator Specialist Vandenberg, but Collins did not recognize the voice of Denis Lawlor or Daniel Vallaro.

41.     About 40 minutes into the private conversation between Denis Lawlor and Daniel Varallo, Sgt. Collins figured out that it was MWRD personnel who were inadvertently broadcasting over the Chicago North channel of the Illinois State Police.

42.     Sgt. Collins called Sergeant Kennedy at the MWRD and the transmission ended shortly thereafter.

43.     Sgt. Collins sent an email to his supervisor, Defendant Captain Luis Gutierrez, to document the open mic incident which occurred on January 18, 2015.

44.     Defendant Captain Gutierrez instructed Sgt. Collins to open an investigation after the incident to determine whether or not there was any criminal violation.

45.     Defendant Gutierrez verbally requested Defendant Karen Stec, the Telecommunications Supervisor for the Illinois State Police, to provide him with a copy of "the communication."

6

46. Illinois State Police Telecommunications Supervisor Karen Stec has had several open mic situations in the past, but Defendant Stec has never recorded to a CD any of the other open mic situations.

47. Defendant Illinois State Police Telecommunications Supervisor Karen Stec did not have a subpoena or a written request from Capt. Gutierrez to copy the private conversation to a CD and give it to the MWRD.

48. Section I.B of the Illinois State Police Directive ADM-011, Communications Recording Devices, states that the Policy of the Illinois State Police will "[l]imit access to recording equipment, recording media, and data."

49. Section II.C.2 of the Illinois State Police Directive ADM-11, Communications Recording Devices, addresses access to the logging recorder data, and provides in pertinent part:

| | |
|---|---|
| II.C.2.a. | Copies of recordings from the logging recorder media may be made only for official ISP purposes. |
| | *    *    *    *    * |
| II.C.2.c. | Information obtained from a recording is confidential and will not be released to unauthorized personnel. |
| II.C.2.d. | Access to recorded information requires personal identification and a letter of authority. The letter of authority requires a request from the proper chain of command to an individual listed in paragraphs II.C.2.b.1) through II.C.2.b.10) who may issue the letter of authority. |
| II.C.2.e. | Copies of recordings, except those requested through court subpoenas, will not be released to non-ISP personnel without written approval from an individual listed in paragraphs II.C.2.b.1) through II.C.2.b.10). |

50. Defendant Stec made two copies of the recorded conversation between Plaintiffs

Denis Lawlor and Daniel Varallo onto CDs and gave Defendant Gutierrez one of the CDs.

51.     After listening to the private conversation recorded by the Illinois State Police, Defendant Gutierrez realized that the conversation had nothing to do with an emergency situation. Nevertheless, Defendant Gutierrez gave Defendant Illinois State Police Lieutenant Cindy Tencza the CD containing the recording of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo and ordered Defendant Tencza to conduct an investigation. In addition, Defendant Gutierrez indicated to Defendant Tencza that the investigation should be closed if the MWRD conducted an internal investigation.

52.     Defendant Gutierrez did not receive a formal written request or a subpoena from the MWRD for the CD containing the recording of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo. Rather, on January 20, 2015, Defendant TENCZA spoke telephonically with Defendant Kaye Heidenreich, the Chief of Police for the MWRD and Defendant Tencza volunteered to drive over and give Defendant Heidenreich the CD containing the recording of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo.

53.     On January 22, 2015, Defendant Tencza came to Defendant Heidenreich's office and dropped off the CD containing the recording of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo.

54.     Defendants Gutierrez, Tencza, and Stec violated Illinois State Police Directive ADM-011, when information obtained from the recording was confidential and was released to individuals outside the Illinois State Police.

55.     Defendant Gutierrez violated Illinois State Police Directive ADM-011 when he failed to issue a letter of authority.

56.     Defendants Tencza and Stec violated Illinois State Police Directive ADM-011 when

8

they released a copy of the recording to non-ISP personnel without the written approval from a department official identified in Section II.C.2.b.

57.     Sergeant Patrick Kennedy of the MWRD police force is not aware of any recording system at the MWRD concerning transmissions over MWRD police radios.

58.     After Defendant Heidenreich listened to the CD containing the recording of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo, Defendant Denise Korcal, the Director of Human Resources for the MWRD, was summoned to Defendant Heidenreich's office.

59.     Defendant Korcal listened to a few minutes of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo and then Defendant Korcal called Defendant David St. Pierre, the Executive Director of the MWRD.

60.     Defendant Korcal ordered copies be made of the CD containing the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo.

61.     Defendant Korcal ordered that a transcript of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo be made.

62.     Defendant Korcal prepared two reports in which she indicated, "it was a malfunction of a police radio microphone; and unbeknownst to Lawlor and Varallo, Lawlor was broadcasting a conversation on Illinois State Police Band."

63.     It was established custom and policy of the MWRD's Department of Human Resources conducting investigations of employees, not to use as evidence against said employees, any employee conversations which were recorded without the permission of said employees involved in the recorded conversation.

64.     In 2013, a female police officer with the MWRD participated in an internal

investigation regarding the behavior of a co-worker who was creating a hostile work environment for the female officer.

65.     The female MWRD officer recorded her fellow male MWRD employee using profanity towards her.  On March 20, 2013, MWRD Director of Human Resources, Denise Korcal, wrote the female MWRD officer a letter and informed the female officer, "You stated you inadvertently recorded [the male MWRD employee] alleged use of profanity, but that recording was obtained without [the male MWRD employee's] knowledge or permission; therefore, it cannot be used as evidence against him."

66.     Defendants MWRD, St. Pierre, Heidenreich and Korcal were fully aware that the recording was made without the knowledge or the permission of Plaintiffs Denis Lawlor and Daniel Varallo.

67.     The MWRD initially suspended Plaintiff Varallo as a result of the private conversation he had with Plaintiff Denis Lawlor on January 18, 2015.

68.     The MWRD subsequently ordered the preparation of an enhanced version of the recorded private conversation between Plaintiffs Denis Lawlor and Daniel Varallo and the MWRD utilized and relied upon the enhanced version of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo to terminate the employment of Plaintiff Daniel Varallo.

69.     Defendants MWRD, St. Pierre, Heidenreich and Korcal used the CD containing the recording of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo as evidence to terminate the employment of Plaintiff Denis Lawlor.

70.     Upon information and belief, Defendants St. Pierre, Korcal and Heidenreich released to the media a copy of the CD and/or the transcript of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo on January 18, 2015.

## COUNT I - 42 U.S.C. § 1983 - FIRST AMENDMENT

71.     Paragraphs one (1) through seventy (70) are incorporated by reference as if fully set out herein.

72.     At all times mentioned herein, Plaintiffs Denis Lawlor and Daniel Varallo had a constitutional right to free speech.

73.     Plaintiffs Denis Lawlor and Daniel Varallo had no knowledge that their private conversation was being overheard and recorded.

74.     Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have their private conversation recorded by the Defendants.

75.     Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have the recording of their private conversation disseminated by the Defendants.

76.     At all times, Defendant Gutierrez was acting under color of state law in his official capacity as an officer of the Illinois State Police.

77.     At all times, Defendant Heidenreich was acting under color of state law in her official capacity as an officer of the MWRD.

78.     At all times, Defendant St. Pierre was acting under color of state law in his official capacity as the Executive Director of the MWRD.

79.     At all times, Defendant Korcal was acting under color of state law in her official capacity as the Director of Human Resources for the MWRD.

80.     At all times, Defendant Tencza was acting under color of state law in her official capacity as an officer of the Illinois State Police.

81.     At all times, Defendant Stec was acting under color of state law in her official capacity as an employee of the Illinois State Police.

82.     The Defendants' decision to record the Plaintiffs' private conversation without their knowledge and permission violated Plaintiffs' civil rights to free speech.

83.     The Defendants' decision to disseminate the recording of Plaintiffs' private conversation without their knowledge and permission violated Plaintiff's civil rights to free speech.

84.     The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Plaintiffs' federally protected rights entitling Plaintiffs to seek punitive damages against Defendants.

85.     As a direct and proximate result of the afore alleged willful and reckless acts of omissions of Defendants, Plaintiffs' were deprived of their federally protected rights in violation of 42 U.S.C. § 1983, and have suffered damages, including, but not limited to significant emotional and psychological distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.     Award compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.     Award punitive damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

C.     Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D.     Grant injunctive relief ordering Defendants to refrain from further constitutional violations; and

E.     Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT II - 42 U.S.C. § 1983 - FOURTH AMENDMENT

86.     Paragraphs one (1) through seventy (70) are incorporated by reference as if fully set out herein.

87.     At all times mentioned herein, Plaintiffs Denis Lawlor and Daniel Varallo had a constitutional right to protection from illegal searches and seizures.

88.     Plaintiffs Denis Lawlor and Daniel Varallo had no knowledge that their private conversation was being overheard and recorded.

89.     Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have their private conversation recorded by the Defendants.

90.     Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have the recording of their private conversation disseminated by the Defendants.

91.     At all times, Defendant Gutierrez was acting under color of state law in his official capacity as an officer of the Illinois State Police.

92.     At all times, Defendant Heidenreich was acting under color of state law in her official capacity as an officer of the MWRD.

93.     At all times, Defendant St. Pierre was acting under color of state law in his official capacity as the Executive Director of the MWRD.

94.     At all times, Defendant Korcal was acting under color of state law in her official capacity as the Director of Human Resources for the MWRD.

95.     At all times, Defendant Tencza was acting under color of state law in her official capacity as an officer of the Illinois State Police.

96.     At all times, Defendant Stec was acting under color of state law in her official capacity as an employee of the Illinois State Police.

97. The Defendants' decision to record the Plaintiffs' private conversation without their knowledge and permission violated Plaintiffs' civil rights to be free of unreasonable searches and seizures.

98. The Defendants' decision to disseminate the recording of Plaintiffs' private conversation without their knowledge and permission violated Plaintiff's civil rights to be free of unreasonable searches and seizures.

99. The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Plaintiffs' federally protected rights entitling Plaintiffs to seek punitive damages against Defendants.

100. As a direct and proximate result of the afore alleged willful and reckless acts of omissions of Defendants, Plaintiffs' were deprived of their federally protected rights in violation of 42 U.S.C. § 1983, and have suffered damages, including, but not limited to significant emotional and psychological distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A. Award compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B. Award punitive damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

C. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D. Grant injunctive relief ordering Defendants to refrain from further constitutional violations; and

14

E.     Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT III - 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT
## DUE PROCESS CLAUSE

101.    Paragraphs one (1) through seventy (70) are incorporated by reference as if fully set out herein.

102.    At all times mentioned herein, Plaintiffs Denis Lawlor and Daniel Varallo had a constitutional right to due process.

103.    Plaintiffs Denis Lawlor and Daniel Varallo had no knowledge that their private conversation was being overheard and recorded.

104.    Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have their private conversation recorded by the Defendants.

105.    Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have the recording of their private conversation disseminated by the Defendants.

106.    At all times, Defendant Gutierrez was acting under color of state law in his official capacity as an officer of the Illinois State Police.

107.    At all times, Defendant Heidenreich was acting under color of state law in her official capacity as an officer of the MWRD.

108.    At all times, Defendant St. Pierre was acting under color of state law in his official capacity as the Executive Director of the MWRD.

109.    At all times, Defendant Korcal was acting under color of state law in her official capacity as the Director of Human Resources for the MWRD.

110.    At all times, Defendant Tencza was acting under color of state law in her official capacity as an officer of the Illinois State Police.

15

111.    At all times, Defendant Stec was acting under color of state law in her official capacity as an employee of the Illinois State Police.

112.    The Defendants' decision to record the Plaintiffs' private conversation without their knowledge and permission violated Plaintiffs' civil rights to due process.

113.    The Defendants' decision to disseminate the recording of Plaintiffs' private conversation without their knowledge and permission violated Plaintiff's civil rights to due process.

114.    The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Plaintiffs' federally protected rights entitling Plaintiffs to seek punitive damages against Defendants.

115.    As a direct and proximate result of the afore alleged willful and reckless acts of omissions of Defendants, Plaintiffs' were deprived of their federally protected rights in violation of 42 U.S.C. § 1983, and have suffered damages, including, but not limited to significant emotional and psychological distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

C.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D.    Grant injunctive relief ordering Defendants to refrain from further constitutional violations; and

E.     Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT IV - 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT
## EQUAL PROTECTION CLAUSE

116.    Paragraphs one (1) through seventy (70) are incorporated by reference as if fully set out herein.

117.    At all times mentioned herein, Plaintiffs Denis Lawlor and Daniel Varallo had a constitutional right to equal protection.

118.    Plaintiffs Denis Lawlor and Daniel Varallo had no knowledge that their private conversation was being overheard and recorded.

119.    Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have their private conversation recorded by the Defendants.

120.    Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have the recording of their private conversation disseminated by the Defendants.

121.    Plaintiffs Denis Lawlor and Daniel Varallo have been treated differently than similarly situated individuals when the Plaintiffs' private conversation was copied to a CD by Defendants Illinois State Police, Gutierrez, Tencza and Stec.

122.    Plaintiffs Denis Lawlor and Daniel Varallo have been treated differently than similarly situated individuals when the Plaintiffs' private conversation was copied to a CD by Defendants Illinois State Police, Gutierrez, Tencza and Stec, and a criminal investigation was commenced by the Illinois State Police.

123.    Plaintiffs Denis Lawlor and Daniel Varallo have been treated differently than similarly situated individuals when the Plaintiffs' private conversation was copied to a CD by Defendants Illinois State Police, Gutierrez, Tencza and Stec and given to the MWRD and

17

Defendants Heidenreich, St. Pierre, and Korcal.

124.    Plaintiffs Denis Lawlor and Daniel Varallo have been treated differently than similarly situated individuals when the CD with the Plaintiffs' private conversation was given to the media by Defendants MWRD, St. Pierre, Heidenreich and Korcal.

125.    Plaintiffs Denis Lawlor and Daniel Varallo have been treated differently than similarly situated individuals when the Plaintiffs' private conversation was utilized and relied upon by Defendants MWRD, St. Pierre, Korcal and Heidenreich to terminate the employment of Plaintiffs Denis Lawlor and Daniel Varallo.

126.    At all times, Defendant Gutierrez was acting under color of state law in his official capacity as an officer of the Illinois State Police.

127.    At all times, Defendant Heidenreich was acting under color of state law in her official capacity as an officer of the MWRD.

128.    At all times, Defendant St. Pierre was acting under color of state law in his official capacity as the Executive Director of the MWRD.

129.    At all times, Defendant Korcal was acting under color of state law in her official capacity as the Director of Human Resources for the MWRD.

130.    At all times, Defendant Tencza was acting under color of state law in her official capacity as an officer of the Illinois State Police.

131.    At all times, Defendant Stec was acting under color of state law in her official capacity as an employee of the Illinois State Police.

132.    The Defendants' decision to record the Plaintiffs' private conversation without their knowledge and permission violated Plaintiffs' civil rights to equal protection.

133.    The Defendants' decision to disseminate the recording of Plaintiffs' private

18

conversation without their knowledge and permission violated Plaintiff's civil rights to equal protection.

134.    The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Plaintiffs' federally protected rights entitling Plaintiffs to seek punitive damages against Defendants.

135.    As a direct and proximate result of the afore alleged willful and reckless acts of omissions of Defendants, Plaintiffs' were deprived of their federally protected rights in violation of 42 U.S.C. § 1983, and have suffered damages, including, but not limited to significant emotional and psychological distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

C.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D.    Grant injunctive relief ordering Defendants to refrain from further constitutional violations; and

E.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT V - TITLE III
## THE ELECTRONIC COMMUNICATION PRIVACY ACT

136.    Paragraphs one (1) through seventy (70) are incorporated by reference as if fully set

out herein.

137.    Title III of the Omnibus Crime Control Act, 18 U.S.C. § 2510 *et seq.,* provides in

relevant part:

> § 2511. Interception and disclosure of wire, oral, or electronic communications prohibited –
>
> (1)    Except as otherwise specifically provided in this chapter and person who –
>
>         *     *     *     *     *
>
> (c)    intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
>
> (d)    Intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; ...
> 18 U.S.C. § 2511.
>
>         *     *     *     *     *
>
> § 2515.  Prohibition of use as evidence of intercepted wire or oral communications.
>
> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.
> 18 U.S.C. § 2515.

138.    The victims of an unauthorized interception or disclosure or use of information

obtained through unauthorized interceptions are entitled to recover civil damages. 18 U.S.C. § 2520.

139.    The defendants violated Title III when they transcribed the private conversation

20

between Plaintiffs Denis Lawlor and Daniel Varallo on January 18, 2015.

140. The defendants violated Title III when they disclosed the contents of the private conversation between Plaintiffs Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

141. Plaintiffs Denis Lawlor and Daniel Varallo had no knowledge that their private conversation was being overheard by the Defendants.

142. Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have their private conversation recorded by the Defendants.

143. Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have the recording of their private conversation disseminated by the Defendants.

144. At all times, Defendant Gutierrez was acting under color of state law in his official capacity as an officer of the Illinois State Police.

145. At all times, Defendant Heidenreich was acting under color of state law in her official capacity as an officer of the MWRD.

146. At all times, Defendant St. Pierre was acting under color of state law in his official capacity as the Executive Director of the MWRD.

147. At all times, Defendant Korcal was acting under color of state law in her official capacity as the Director of Human Resources for the MWRD.

148. At all times, Defendant Tencza was acting under color of state law in her official capacity as an officer of the Illinois State Police.

149. At all times, Defendant Stec was acting under color of state law in her official capacity as an employee of the Illinois State Police.

150. The Defendants' decision to record the Plaintiffs' private conversation without their

21

knowledge and permission violated Plaintiffs' civil rights to free speech.

151.    The Defendants' decision to transcribe and disseminate the recording of Plaintiffs' private conversation without their knowledge and permission violated 720 ILES 5/14-2.

152.    The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Plaintiffs' protected rights entitling Plaintiffs to seek punitive damages against Defendants.

153.    As a direct and proximate result of the afore alleged willful and reckless acts of omissions of Defendants, Plaintiffs' were deprived of their protected rights in violation of 18 U.S.C. § 2510 *et seq.*, and have suffered damages, including, but not limited to significant emotional and psychological distress.

## COUNT VI
## VIOLATION OF THE ILLINOIS EAVESDROPPING ACT

154.    Paragraphs one (1) through seventy (70) are incorporated by reference as if fully set out herein.

155.    The Illinois Eavesdropping Act, 720 ILES 5/14-1, provides in relevant part:

(d)    Private conversation.
For purposes of this Article, "private conversation" means any oral communication between 2 or more persons, whether in person or transmitted between the parties by wire or other means, when one of the parties intended the communication to be of a private nature under circumstances reasonably justifying that expectation. A reasonable expectation shall include any expectation recognized by law, including, but not limited to, an expectation derived from a privilege, immunity, or right established by common law, Supreme Court rule, or the Illinois or United States Constitution.

(e)    Private electronic communication.
For purposes of this Article, "private electronic communication" means any transfer of signs, signals, writings, images, sounds, data, or intelligence of any nature transmitted in whole or part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo

optical system, when the sending or receiving party intends the electronic communication to be private under circumstances reasonably justifying that expectation. A reasonable expectation shall include any expectation recognized by law, including, but not limited to, an expectation derived from a privilege, immunity, or right established by common law, Supreme Court rule, or the Illinois or United States Constitution. Electronic communication does not include any communication from a tracking device.
720 ILES 5/14-1.

156. The Illinois Eavesdropping Act, 720 ILES 5/14-2, provides in relevant part as follows:

(a) A person commits eavesdropping when he or she knowingly and intentionally:

\*  \*  \*  \*  \*

(3) Intercepts, records, or transcribes, in a surreptitious manner, any private electronic communication to which he or she is not a party unless he or she does so with the consent of all parties to the private electronic communication;

\*  \*  \*  \*  \*

(5) Uses or discloses any information which he or she knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of this Article, unless he or she does so with the consent of all of the parties.
720 ILES 5/14-2(a).

157. The defendants violated the Illinois Eavesdropping Act when they intercepted the private conversation between Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

158. The defendants violated the Illinois Eavesdropping Act when they recorded the private conversation between Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

159. The defendants violated the Illinois Eavesdropping Act when they transcribed the

private conversation between Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

160.    The defendants violated the Illinois Eavesdropping Act when they disclosed the contents of the private conversation between Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

161.    Plaintiffs Denis Lawlor and Daniel Varallo had no knowledge that their private conversation was being overheard by the Defendants.

162.    Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have their private conversation recorded by the Defendants.

163.    Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have the recording of their private conversation disseminated by the Defendants.

164.    At all times, Defendant Gutierrez was acting under color of state law in his official capacity as an officer of the Illinois State Police.

165.    At all times, Defendant Heidenreich was acting under color of state law in her official capacity as an officer of the MWRD.

166.    At all times, Defendant St. Pierre was acting under color of state law in his official capacity as the Executive Director of the MWRD.

167.    At all times, Defendant Korcal was acting under color of state law in her official capacity as the Director of Human Resources for the MWRD.

168.    At all times, Defendant Tencza was acting under color of state law in her official capacity as an officer of the Illinois State Police.

169.    At all times, Defendant Stec was acting under color of state law in her official capacity as an employee of the Illinois State Police.

170.    The Defendants' decision to record the Plaintiffs' private conversation without their knowledge and permission violated Plaintiffs' civil rights to free speech.

171.    The Defendants' decision to transcribe and disseminate the recording of Plaintiffs' private conversation without their knowledge and permission violated 720 ILES 5/14-2.

172.    The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Plaintiffs' protected rights entitling Plaintiffs to seek punitive damages against Defendants.

173.    As a direct and proximate result of the afore alleged willful and reckless acts of omissions of Defendants, Plaintiffs' were deprived of their protected rights in violation of 720 ILES 5/14-1 *et seq.*, and have suffered damages, including, but not limited to significant emotional and psychological distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A.    Award compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B.    Award punitive damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

C.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D.    Grant injunctive relief ordering Defendants to refrain from further constitutional violations; and

E.    Any and all other forms of relief this Honorable Court deems just and appropriate.

## COUNT VII
## TORTIOUS INTRUSION INTO THE SECLUSION OF ANOTHER

174.    Paragraphs one (1) through fifty-nine (59) are incorporated by reference as if fully set out herein.

175.    According to *Lovgren v. Citizens First National Bank of Princeton*, 126 Ill.2d 411, 417 (1989), an intrusion upon seclusion involves at its core "the offensive prying into the private domain of another" (see also Restatement (Second) of Torts § 652B). To sustain such a claim a plaintiff must establish: (1) An unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is offensive or objectionable to a reasonable person; (3) the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering.

176.    The defendants intruded into the seclusion of Denis Lawlor and Daniel Varallo which was not authorized.

177.    The defendants intruded into the seclusion of Denis Lawlor and Daniel Varallo when they recorded the private conversation between Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

178.    The defendants intruded into the seclusion of Denis Lawlor and Daniel Varallo when they transcribed the private conversation between Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

179.    The defendants intruded into the seclusion of Denis Lawlor and Daniel Varallo when they disclosed the contents of the private conversation between Denis Lawlor and Daniel Varallo on January 18, 2015 without their knowledge and consent.

180.    Plaintiffs Denis Lawlor and Daniel Varallo had no knowledge that their private conversation was being overheard by the Defendants.

26

181. Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have their private conversation recorded by the Defendants.

182. Plaintiffs Denis Lawlor and Daniel Varallo did not give their permission to have the recording of their private conversation disseminated by the Defendants.

183. The Defendants' decision to record the Plaintiffs' private conversation without their knowledge and permission violated Plaintiffs' right to be free of unauthorized intrusion into their seclusion.

184. The Defendants' decision to transcribe and disseminate the recording of Plaintiffs' private conversation without their knowledge and permission violated right to be free of unauthorized intrusion into their seclusion.

185. The acts and omissions alleged herein constitute reckless, callous and deliberate indifference to Plaintiffs' protected rights entitling Plaintiffs to seek punitive damages against Defendants.

186. As a direct and proximate result of the afore alleged willful and reckless acts of omissions of Defendants, Plaintiffs' were deprived of their protected rights to be free of unauthorized intrusion and have suffered damages, including, but not limited to significant emotional and psychological distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the Court award Plaintiffs relief as follows:

A. Award compensatory damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

B. Award punitive damages in favor of Plaintiffs and against Defendants in an amount in accordance with the proofs;

27

C.      Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D.      Grant injunctive relief ordering Defendants to refrain from further constitutional violations; and

E.      Any and all other forms of relief this Honorable Court deems just and appropriate.

### COUNT VIII - RESPONDEAT SUPERIOR - STATE LAW

187.    Paragraphs one (1) through seventy (70) are incorporated by reference as if fully set out herein.

188.    At all times, Defendant Gutierrez was acting under color of law and within the scope of his employment as an officer of the Illinois State Police.

189.    At all times, Defendant Heidenreich was acting under color of state law and within the scope of her employment as an officer of the MWRD.

190.    At all times, Defendant St. Pierre was acting under color of state law and within the scope of his employment as the Executive Director of the MWRD.

191.    At all times, Defendant Korcal was acting under color of state law and within the scope of her employment as the Director of Human Resources for the MWRD.

192.    At all times, Defendant Tencza was acting under color of state law and within the scope of her employment as an officer of the Illinois State Police.

193.    At all times, Defendant Stec was acting under color of state law and within the scope of her employment as an employee of the Illinois State Police.

194.    As a result of the actions of the Defendants, Plaintiffs have suffered emotional injuries and will continue to suffer such damages in the future.

28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court entered judgment in Plaintiffs' favor and against Defendants and provide the following relief:

A.     Monetary damages in an amount to be determined by the Court to compensate for the Defendants' actions for pain and suffering as well as costs.

## COUNT IX - NEGLIGENCE - STATE LAW

195.     Paragraphs seventeen (17) through twenty-eight (28) are incorporated by reference as if fully set out herein.

196.     At all times, Motorola and the Illinois State Police were negligent for not correcting the software/firmware problem which allowed the "radio key up" problem with the STARCOM 21 System to continue unabated.

197.     At all times, Motorola and the Illinois State Police were negligent when they failed to warn the MWRD that the Illinois State Police software/firmware was defective and that the malfunction affected the radios used by officers of the MWRD.

198.     At all times, Motorola and the Illinois State Police were negligent when they failed to warn the MWRD that the Illinois State Police software/firmware was defective which allowed the private conversations of officers employed by the MWRD to be overheard and recorded by the Illinois State Police.

199.     As a result of the actions of the Defendants, Plaintiffs have suffered emotional injuries and will continue to suffer such damages in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court entered judgment in Plaintiffs' favor and against Defendants and provide the following relief:

A.    Monetary damages in an amount to be determined by the Court to compensate for the

Defendants' actions for pain and suffering as well as costs.

### COUNT X - PRODUCT LIABILITY - STATE LAW

200.    Paragraphs seventeen (17) through twenty-eight (28) are incorporated by reference

as if fully set out herein.

201.    At all times, Motorola was the creator, manufacturer and supplier of the "StarCom

System."

202.    The "StarCom System" created, manufactured and supplied by Motorola was

defective and caused a "radio key up" problem to occur on an ongoing basis.

203.    Motorola failed to taken adequate action to guard against the private conversations

of individuals being overheard without their knowledge or permission caused by the defect in the

software/firmware Motorola created, manufactured and supplied in its "StarCom System."

204.    As a result of the defective product and actions of Motorola, Plaintiffs have suffered

injuries and will continue to suffer such damages in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court entered judgment in

Plaintiffs' favor and against Defendant Motorola and provide the following relief:

A.    Monetary damages in an amount to be determined by the Court to compensate for the

Defendant's actions for lost wages, pain and suffering, as well as costs.

30

## JURY DEMAND

205.    Plaintiffs request a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

/s/ Michael D. Ettinger
Ettinger and Besbekos, P.C.
12413 S. Harlem Avenue
Suite 203
Palos Heights, IL 60463
(708) 923-0368

/s/ John J. Downey
John J. Downey
John J. Downey, PC
15 Salt Creek Lane
Suite 321
Hinsdale, IL 60521
(630) 323-1605
Attorneys for Denis Lawlor


/s/ Dennis A. Berkson
Dennis A. Berkson
Dennis A. Berkson & Associates, Ltd.
180 N. LaSalle Street
Suite 3150
Chicago, IL 60601
(312) 726-7402

/s/ Daniel G. Austin
Daniel G. Austin
The Austin Law Group, LLC
15 Salt Creek Lane
Suite 321
Hinsdale, IL 60521
(312) 829-2300

Attorneys for Daniel Varallo